UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

RONALD G DANDAR          NO. 02-222
             Petitioner
VS                       TO- HONORABLE JUDGE
COMMONWEALTH OF          SEAN MCLAUGHLIN
PENNSYLVANIA             - REQUEST FOR AN OPINION -
                         2254 HABEAS CORPUS

- OBJECTIONS -
- PETITION FOR WRIT OF ERROR CORAM NOBIS -
FROM ORDER DATED 7-27-2005 -

- STATEMENT OF THE ISSUES -

1. PETITIONER AVERS THAT THE COURT HAS ADOPTED THE MAGISTRATES REPORT AND RECOMMENDATION 7-27-2005 AND DENIED CERTIFICATE OF APPEALABILITY

2. THAT PETITIONER AVERS THAT HE HAS SHOWN SUBSTANTIAL SHOWING OF VIOLATIONS OF HIS CONSTITUTIONAL RIGHTS; RIGHTS PROMULGATED AS A QUALIFIED HANDICAPPED PERSON AND THE COURT IS MANDATED BY THE RULES 22(B)(1) AND 28 USC § 2253(C) TO ISSUE PETITIONERS COA AND/OR STATES (VERBATIM) SPECIFIC ARTICULATED OF WHY THE COURTS IS DENING THE COA. SEE CASTRO V. UNITED STATES 310 F 3D 900 (6th Cir. 2002); FED RULES OF APP PROC. 22(B)(1), U.S. V. OLANO 113 SCT 1770 1993

2. THAT PETITIONER AVERS THAT HIS HABEAS CORPUS WAS PROPERLY FILED AND THE STATE COURTS AND FEDERAL COURTS RULING WAS CONTRARY TO OR INVOLVED INVOLVED AN UNREASONABLE APPLICATION OF FEDERAL LAW. WILLIAMS V. TAYLOR 120 SCT 1495 (2000) GRANT ANY RELIEF

RESPECTFULLY SUBMITTED
7-30-2005
Ronald Dandar

7-30-2005

- OPINION-RULING REQUESTED -
- PETITIONERS REQUEST TO CORRECT ERRONEOUS LOWER FEDERAL COURT RECORD, AND GRANT SAID WRIT AND/OR GRANT C.O.A. -
- THAT DUE PROCESS MANDATES A CLEAR PRECISE RECORD -

3. PETITIONER AVERS THAT HE IS SUBJECT TO EQUITABLE CONSIDERATION, DUE TO THE FACT THAT MAGISTRATES REPORT AND ADOPTION CLEARLY SHOWS AS STATED IN EXHIBIT 13C:
" PAGE 5: THE LIMITATIONS BEGAN RUNNING ON THAT DATE AND FURTHER COLLATERAL PROCEEDINGS WERE INITIATED UNTIL MARCH 27 2000

A) FURTHERMORE, EXHIBIT 14C CLEARLY STATES: PAGE 6: THUS, IN REALITY, NO TOLLING OCCURED FROM MAY 1998, THROUGH JULY 23, 2002... SEE 28 USC §2244 (D)(2), SEE EXHIBIT-11C -

4. PETITIONER AVERS THAT THE FEDERAL COURTS OWN OFFICIAL RECORDS REFUTE THE ABOVE AS CLEARLY SHOWING THAT COLLATERAL PROCEEDINGS WERE INITIATED ON AND FILED 6-1-1999. EXH-11C SEE MILLER, 145 F3D. AT 617; JENKINS V. JOHNSON, 330. F3D 1146 (9th Cir 2003); RHINES V. WEBER 125 S.Ct. 1528 2005

5. THAT PETITIONER AVERS THAT HE IS NOT TIME-BARRED SINCE HE "PROPERLY FILED" BY DELIVERING TO THE PRISON OFFICIALS HIS PCRA §2254 AND HE WAS IN COMPLIANCE WITH LAW AND RULINGS. SEE US V. LOMBARDO, 241 US 73, 76. (1916) SEE ARTUZ V. BENNETT 531 US AT 8 2000).

6. THAT PETITIONER STATES THAT REPORT STATES OF AN ERRONEOUS SENTENCE-PCRA OF ANOTHER CASE, INTER ALIA, SEE MARTINEZ V. DRETKE, 111 Fed APPX 224-2-5th Cir 2004

Date: 7-30-2005

## "PROOF OF SERVICE" - 02-222

I, RON BANDAR, BEING A CITIZEN OF THE UNITED STATES, HEREBY SERVE NOTICE THAT A TRUE AND CORRECT COPY OF THE FOREGOING HAS BEEN SERVED THIS 30th DAY OF July, 2005, BY DEPOSITING THE SAME AT SCI CRESSON 1st CLASS FULL POSTAGE PAID ADDRESSED TO: Objections to Order dated 7-27-2005 by Re: Castro V US

ADDRESSED TO:

1. Office of the Clerk
   United States District Court
   17 South Park Row
   Federal Court House
   Erie, Penna 16501

   Original & Proof of Service

2. Office of District Attorney
   Raquel Cross Esq
   140 West 6th
   Erie County Court House
   Erie, Penna 16501

3. 

4. 

Respectfully Submitted
X B/ Ron Bandar
Post Office Box A
Old Route 22 AP6833
Cresson, PA
16699-0001

Pro Se

DATE: 7-30-2005

```
                                                    MAG      CLOSED
                    U.S. District Court
              Western District of Pennsylvania (Erie)

              CIVIL DOCKET FOR CASE #: 99-CV-185

DANDAR v. BRENNAN, et al                            Filed: 06/01/99
Assigned to: Judge Sean J. McLaughlin
         Referred to: Magistrate Judge Susan Paradise Baxter
Demand: $0,000                          Nature of Suit: 530
Lead Docket: None                       Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 28:2254 Petition for Writ of Habeas Corpus (State)


RONALD G. DANDAR               RONALD G. DANDAR
    petitioner                 AP 6933
                               [COR LD NTC]  [PRO SE]
                               SCI Albion
                               10745 Route 18
                               Albion, PA 16475-0004


   v.


EDWARD T. BRENNAN,
Superintendent
    respondent


ATTORNEY GENERAL OF THE
COMMONWEALTH OF PENNSYLVANIA
    respondent


OFFICE OF DISTRICT ATTORNEY OF
CRAWFORD COUNTY
    respondent
```

EXHIBIT −10C−
−11C−

```
Proceedings include all events.                                    MAG
1:99cv185 DANDAR v. BRENNAN, et al                                 CLOSED


11/1/99    --    NOTICE of Docketing ROA from USCA Re: [14-1] appeal  by
                 RONALD G. DANDAR    USCA Number: 99-3880 (mad)

12/2/99    16    CERTIFIED COPY OF ORDER dated 11/30/99 from U.S. Court of
                 Appeals for the Third Circuit directing that the motion to
                 proceed ifp is granted. (mad) [Edit date 12/02/99]

12/2/99    17    CERTIFIED COPY OF ORDER dated 11/30/99 from U.S. Court of
                 Appeals for the Third Circuit directing that CA No. 99-3880
                 the motion to proceed ifp is granted. (mad)
                 [Edit date 12/02/99]

5/15/00    18    CERTIFIED COPY OF ORDER dated 5/11/00 from U.S. Court of
                 Appeals for the Third Circuit directing that this appeal is
                 dismissed for lack of jurisdiction because it is taken from
                 an order that is not final and not appealable. (nk)
                 [Entry date 05/16/00]

6/19/00    --    Record on Appeal returned from U.S. Court of Appeals:
                 [14-1] appeal (nk)

6/19/00    19    CERTIFIED COPY OF ORDER dated 6/13/00 from U.S. Court of
                 Appeals for the Third Circuit directing that Motion for
                 certificate appealability is denied, as more fully stated
                 in Order. (nk)
```

As stated above, section 2244(d)(2) provides that "[t]he time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2)(emphasis supplied). State court collateral appeals occurring prior to April 24, 1996 are irrelevant, as the limitations period had not yet begun to run and, therefore, could not be tolled. The first collateral appeals filed after AEDPA's effective date were a Writ of Coram Nobis filed on May 30, 1997, and a Motion for Reconsideration of Sentence filed on July 31, 1997. Even assuming that each of these were "properly filed" state court collateral appeals, more than one year of countable time had already elapsed when they were commenced.

Further, the first of these two collateral proceedings was terminated within weeks and Dandar did not appeal. The second motion was denied, and the appeal from that denial concluded on May 12, 1998. The limitations period began running on that date, and no further collateral proceedings were initiated until March 27, 2000. Thus, another 25 ½ months of countable time elapsed between state court appeals.

Finally, the March 27, 2000 PCRA petition was dismissed by the state courts on the basis that it was not timely filed. In <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000), the Supreme Court defined the meaning of a "properly filed" collateral appeal for purposes of AEDPA's tolling provision. A pleading is "filed" "when it is delivered to, and accepted by, the appropriate court officer for placement in the official record." <u>Id</u>. The Court further clarified that a pleading is "properly filed" "when its delivery and acceptance are in compliance with the applicable laws and

- 5 -

EXHIBIT —13C—

rules governing filings." Id. Federal courts are bound by state court findings concerning whether collateral appeals have been properly filed. Merritt v. Blaine, 326 F.3d 157, 166 (3d Cir. 2003)("we hold that we are bound by the state court's finding that Merritt's second PCRA petition was untimely."). Here, the state courts held that Dandar's 2000 PCRA was untimely. This court is forced to find that Dandar's March, 2000 PCRA petition was not "properly filed" for purposes of AEDPA's tolling provision. Thus, in reality, no tolling occurred from May 1998 through July 23, 2002, when this petition was filed, making the instant petition grossly out of time.

Nothing in the record indicates that Dandar is entitled to take advantage of any of the exceptions to the one-year limitations period. Specifically, he has failed to show that his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; nor has he shown that his claims are based on a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. §2254(d)(1)(C-D).

Finally, the one-year limitation in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted); Hizbullahankhamon, v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) ("To

- 6 -   EXHIBIT-1/2 C