IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD G. DANDAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 02-222E |
| ) | JUDGE McLAUGHLIN |
| COMMONWEALTH OF PENNSYLVANIA, ) | MAGISTRATE JUDGE BAXTER |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. **RECOMMENDATION**

It is recommended that the instant Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

II. **REPORT**

Petitioner, Ronald G. Dandar, is a state prisoner incarcerated at the State Correctional Institution at Cresson, Pennsylvania. He is serving a sentence of 13 ½ to 27 years for Criminal Attempt, Unsworn Falsifications, Tampering with Records and Forgery. The Commonwealth has responded to the instant petition (Docket #20) and it is ripe for disposition.

1. **Procedural history.**

The entire procedural history of this case is not necessary to the Court's analysis. The Court will, accordingly, limit itself to relevant events only.

Dandar was convicted in the Court of Common Pleas of Erie County, Pennsylvania, on March 21, 1983. He was sentenced on August 31, 1983. Dandar filed a direct appeal from the judgment of sentence to the Superior Court of Pennsylvania, and that court affirmed on December 13, 1985. Dandar did not seek review in the Supreme Court of Pennsylvania.

Dandar filed his first state court collateral appeal on May 16, 1989. Counsel was ultimately appointed, and an amended petition was filed. The trial court denied the petition on April 21, 1993. The Superior Court affirmed on May 17, 1994, and Dandar's petition for allowance of appeal was denied by the Pennsylvania Supreme Court on May 27, 1994.

Dandar next filed a Writ of Coram Nobis in the state court on May 30, 1997, which was treated as a motion for reconsideration of sentence. The motion was denied on July 21, 1997, and no appeal was filed.

On July 31, 1997, petitioner filed a motion seeking reconsideration of his sentence, and this motion was denied on August 8, 1997. Dandar appealed, and the Superior Court affirmed on May 12, 1998.

Dandar filed his next collateral appeal, a petition pursuant to the Post Conviction Relief Act (PCRA) on March 27, 2000. The petition was denied on July 6, 2000. On appeal, the Superior Court affirmed, finding that the PCRA petition was not timely filed. Dandar's subsequent Petition for Allowance of Appeal was denied by the Pennsylvania Supreme Court on February 4, 2002, without opinion.

Dandar filed a third PCRA petition on January 5, 2004. However, he had already filed the instant petition for writ of habeas corpus on July 23, 2002. The petition filed in this court

AO 72
(Rev. 8/82)

contians numerous claims of constitutional infirmities in Dandar's state court proceedings. The Commonwealth has responded to the motion (Docket #20) and asserts, inter alia, that the statute of limitations bars this petition. The Court agrees.

### A.   Statute of Limitations

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. The applicable statute reads:

> (d)   (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded, which is the date that the state court judgment became "final" for purposes of triggering the one-year period under section §2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

Here, Dandar's direct appeal from the judgment of sentence concluded in December, 1985, and the conviction at issue became "final" thirty days later when Dandar failed to seek review in the Supreme Court of Pennsylvania. See Pa.R.App.P. 1113(a); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the 90–day time limit for filing a writ of certiorari in the Supreme Court). When a petitioner's state court conviction becomes final prior to the effective date of AEDPA, the limitations period begins to run as of April 24, 1996. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). It follows necessarily that the one year limitations period for filing a federal habeas corpus petition under 28 U.S.C. § 2254 expired in this case on or about April 24, 1997. The instant petition was not filed until July 23, 2002, more than 16 years after the conviction became final, and more than 5 years after the expiration of the limitations period. This Court must, accordingly, determine whether petitioner may take advantage of the "tolling" provision in section 2244(d)(2).

As stated above, section 2244(d)(2) provides that "[t]he time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2)(emphasis supplied). State court collateral appeals occurring prior to April 24, 1996 are irrelevant, as the limitations period had not yet begun to run and, therefore, could not be tolled. The first collateral appeals filed after AEDPA's effective date were a Writ of Coram Nobis filed on May 30,1997, and a Motion for Reconsideration of Sentence filed on July 31, 1997. Even assuming that each of these were "properly filed" state court collateral appeals, more than one year of countable time had already elapsed when they were commenced.

Further, the first of these two collateral proceedings was terminated within weeks and Dandar did not appeal. The second motion was denied, and the appeal from that denial concluded on May 12, 1998. The limitations period began running on that date, and no further collateral proceedings were initiated until March 27, 2000. Thus, another 25 ½ months of countable time elapsed between state court appeals.

Finally, the March 27, 2000 PCRA petition was dismissed by the state courts on the basis that it was not timely filed. In <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000), the Supreme Court defined the meaning of a "properly filed" collateral appeal for purposes of AEDPA's tolling provision. A pleading is "filed" "when it is delivered to, and accepted by, the appropriate court officer for placement in the official record." <u>Id</u>. The Court further clarified that a pleading is "properly filed" "when its delivery and acceptance are in compliance with the applicable laws and

rules governing filings." Id. Federal courts are bound by state court findings concerning whether collateral appeals have been properly filed. Merritt v. Blaine, 326 F.3d 157, 166 (3d Cir. 2003)("we hold that we are bound by the state court's finding that Merritt's second PCRA petition was untimely."). Here, the state courts held that Dandar's 2000 PCRA was untimely. This court is forced to find that Dandar's March, 2000 PCRA petition was not "properly filed" for purposes of AEDPA's tolling provision. Thus, in reality, no tolling occurred from May 1998 through July 23, 2002, when this petition was filed, making the instant petition grossly out of time.

Nothing in the record indicates that Dandar is entitled to take advantage of any of the exceptions to the one-year limitations period. Specifically, he has failed to show that his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; nor has he shown that his claims are based on a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. §2254(d)(1)(C-D).

Finally, the one-year limitation in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted); Hizbullahankhamon, v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) ("To

- 6 -

equitably toll the one-year limitations period, a petitioner "must show that extraordinary circumstances prevented him from filing his petition on time," and he "must have acted with reasonable diligence throughout the period he seeks to toll." ). Here, however, the record does not yield any basis for equitably tolling the statute of limitations.

### B. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). Because Petitioner Dandar has not made such a showing, a certificate of appealability should be denied.

### CONCLUSION

It is respectfully recommended that the instant Petition for Writ of Habeas Corpus be dismissed as untimely, and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: June 9, 2005

cc: The Honorable Sean J. McLaughlin
United States District Judge

Ronald G. Dandar, AP-6933
SCI Cresson
P.O. Box A
Cresson, PA 16699

Raquel L. Cross, Esquire
Assistant District Attorney
Erie County Court House, Room #301
140 West 6th Street
Erie, PA 16501