IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD G. DANDAR, ) | |
|     Petitioner, ) | Civil Action No. 02-222 Erie |
| ) | |
| v. ) | District Judge Barbara Rothstein |
| ) | Magistrate Judge Susan Paradise Baxter |
| COMMONWEALTH, et al., ) | |
|     Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

Pending before the Court is a motion [ECF No. 61] that state prisoner Ronald G. Dandar ("Dandar") filed in this habeas case, which has been closed since July 27, 2005, when judgment was entered against him. It is respectfully recommended that the motion should be dismissed and a certificate of appealability should be denied.

### II. REPORT

#### A. Relevant Background

Dandar is well known to this Court. For over a decade, he has filed petitions for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254 in which he challenged the judgments of sentences imposed upon him by the Court of Common Pleas of Erie County on August 31, 1983, at Criminal Docket Nos. 1982-1462 through 1467, and on February 6, 2004, in a probation revocation proceeding. The case he commenced at this docket number (Civil Action No. 02-222) was one of his first. In the § 2254 petition he filed in this case, he challenged the state court's August 31, 1983, judgment of sentence. On July 27, 2005, this Court issued an Order in which it dismissed the petition as untimely under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996

1

("AEDPA"). The United States Court of Appeals for the Third Circuit denied Dandar's subsequent request for a certificate of appealability. See Oct. 27, 2005, *Order* in Dandar v. Commonwealth, et al., Court of Appeals Docket No. 05-3731 (3d Cir.).

On or around December 27, 2005, Dandar initiated in this Court another habeas corpus action in which he challenged his February 6, 2004, probation revocation judgment of sentence. That action was docketed as Dandar v. Good, et al., 3:05-cv-00472-SJM-SPB (W.D. Pa.). This Court denied that petition because his claims were untimely and procedurally barred. The Third Circuit Court of Appeals denied Dandar's subsequent request for a certificate of appealability. See Oct. 22, 2007, *Order* in Dandar v. Good, et al., Court of Appeals Docket No. 07-2916 (3d Cir.).

In addition to enacting a statute of limitations, AEDPA established stringent procedural and substantive requirements that an applicant must satisfy in order to file a "second or successive" habeas corpus petition with a district court.[1] AEDPA's "gatekeeping" mechanisms, Robinson v. Johnson, 313 F.3d 128, 129 (3d Cir. 2002) (quoting Felker v. Turpin, 518 U.S. 651, 657 (1996)), pertaining to second or successive petitions are codified at 28 U.S.C. § 2244(b). Among other things, AEDPA requires that *before* filing a "second or successive" petition with the district court, an applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[2]

---

[1] AEDPA does not define the phrase "second or successive," and not all numerically second (or greater) petitions fall within § 2244(b)'s scope. See, e.g., Magwood v. Patterson, 561 U.S. 320, 332 (2010); United States v. Winkelman, 746 F.3d 134, 135 (3d Cir. 2014); Blystone v. Horn, 664 F.3d 397, 413 (3d Cir. 2011).

[2] AEDPA requires that, before an applicant can receive authorization to file a second or successive petition, a three-judge panel of the court of appeals must determine that the applicant has made a prima facie showing that: (1) the claim presented in the application was not presented in a prior habeas case, 28 U.S.C. § 2244(b)(1); *and* (2) the claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[,]" id. § 2244(b)(2)(A), or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a
*Footnote continued on next page*

2

Importantly, a district court lacks subject matter jurisdiction over an unauthorized second or successive petition. Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam). See, e.g., Benchoff v. Colleran, 404 F.3d 812, 815 (3d Cir. 2005); BRIAN R. MEANS, Federal Habeas Manual § 11:8, WestlawNext (database updated May 2016). Therefore, when a judge assigned to a habeas case conducts the preliminary review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts, the judge must inquire into whether the petition is second or successive. If it is, the petition is subject to § 2244(b)'s requirements. If the applicant did not obtain authorization from the court of appeals to file the petition, a district court within the Third Circuit can proceed in one of two ways. It can: (1) enter an order dismissing the petition for lack of subject matter jurisdiction; or (2) enter an order transferring the petition to the court of appeals pursuant to 28 U.S.C. § 1631 for consideration as an application to file a second or successive petition. Robinson, 313 F.3d at 139. See also Federal Habeas Manual § 11:81.[3]

In the years following the dismissal of the habeas actions discussed above, Dandar filed a series of federal habeas petitions with this Court in which he once again challenged his August 31, 1983, judgment of sentence and/or his February 6, 2004, probation revocation sentence. See Dandar v. Good, et al., 1:06-cv-00046-KRG-SPB (W.D. Pa.); Dandar v. Commonwealth, et al., 1:06-cv-00302-SJM-SPB (W.D. Pa.); Dandar v. Krysevig, et al., 1:08-cv-60-SJM-SPB (W.D. Pa.); Dandar v. Cameron, et al., No. 1:11-cv-00042-SJM-SPB (W.D. Pa.); Dandar v. Cameron, et al., No. 1:11-cv-112-SJM-SPB (W.D.

---

whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense[,]" id. §2244(b)(2)(B)(ii)-(ii).

[3] "The statute provides that the district court shall *dismiss* a second or successive petition that has not been authorized by the court of appeals. 28 U.S.C.A. § 2244(b)(1), (4)." Federal Habeas Manual § 11:81 (emphasis in original). Notwithstanding the "dismissal" language in § 2244(b), several courts of appeals, including the Third Circuit Court of Appeals, permit district courts in their circuit to transfer the petition for consideration as an application to file a second or successive petition. Id. (citing, *inter alia*, Robinson, 313 F.3d at 139). See also Third Circuit Local Appellate Rule 22.5, which sets forth the procedures applicable when a district court enters a transfer order in an unauthorized second or successive petition case.

Pa.); Dandar v. Cameron, et al., No. 1:12-cv-151-SJM-SPB (W.D. Pa.); Dandar v. Cameron, et al., No. 1:12-cv-152-SJM-SPB (W.D. Pa.); Dandar v. Cameron, et al., No. 1:13-cv-189-NBF-SPB (W.D. Pa.); Dandar v. Commonwealth, No.1:14-cv-268-BR-SPB (W.D. Pa.); Dandar v. Coleman, et al., No. 15-cv-96-BR-SPB (W.D. Pa.). This Court dismissed the § 2254 petition filed in each case as an unauthorized second or successive one and in each case (except for his most recent case, in which he did not pursue appellate relief) the Third Circuit Court of Appeals denied a request for a certificate of appealability.

Dandar also has filed numerous applications with the Third Circuit Court of Appeals in which he requested authorization to file a second or successive § 2254 petition. All of his applications have been denied. Most recently, on March 17, 2016, in a case docketed at number 16-1548, and on June 23, 2016, in a case docketed at number 16-2847, Dandar requested authorization to file a second or successive § 2254 petition in light of numerous court cases, including the United States Supreme Court's decisions in Montgomery v. Louisiana, — U.S. — , 136 S.Ct. 718 (2016), Miller v. Alabama, 567 U.S. — , 132 S.Ct. 2455 (2012), Holland v. Florida, 560 U.S. 631 (2010), Maples v. Thomas, — U.S. — , 132 S.Ct. 912 (2012), and Missouri v. Frye, — U.S. — , 132 S.Ct. 1399 (2012). On May 23, 2016, the Third Circuit Court of Appeals issued an order in which it denied Dandar's application in the former case, and on July 6, 2016, it issued an order in which it denied Dandar's application in the latter case.

In the meantime, Dandar filed with this Court the instant motion, which he purports to advance under Rule 60(b) of the Federal Rules of Civil Procedure.[4] In his motion, Dandar cites the Supreme

---

[4] Dandar also cites to Rule 59(e), but because the instant motion was filed outside the 28-day time limit, that rule is not available to him. He also appears to be invoking this Court's jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a). The All Writs Act is an act that "is a residual source of authority to issue writs that are not otherwise covered by statute." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam) (quoting Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985)). If a "statute specifically addresses the particular issue at hand," which 28 U.S.C. § 2254 does here, "it is that authority, and not the All Writs Act, that is controlling." Id. Dandar also cites 42 U.S.C. § 1983, which is the federal law that allows lawsuits for violations of constitutional rights and establishes a cause of action for any person who has been deprived of rights secured by the Constitution or laws of the United States by a person acting under color of state law. Should Dandar wish to pursue claims under § 1983, he must file a separate civil rights lawsuit.

4

Court's decisions in Montgomery and Miller and claims that his sentence is invalid. He also cites to a senate bill and various state court decisions and contends, as he did in his previous filings, that he is innocent and that fraud has been committed upon various courts.

   B.   **Discussion**

In order to avoid AEDPA's second or successive gatekeeping requirements, an applicant seeking habeas relief will sometimes raise claims in what he or she designated as a Rule 60(b) motion. An applicant seeking habeas relief "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition ... as something other than what it is." Federal Habeas Manual § 11:42. In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" § 2244(b)'s second or successive requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[5] The Supreme Court held that a Rule 60(b) motion must be construed as a habeas application subject to § 2244(b)'s requirements when it advances one or more "claims." Gonzalez, 545 U.S. at 531-32. It explained that "[i]n most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." Id. at 532. Where "[a] motion … seeks to add a new ground for relief" it obviously is advancing a "claim." Id. So is a motion that "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Id. (footnote omitted). Similarly, a motion that seeks to present newly

---

[5] Rule 12 of the Rules Governing Section 2254 Cases provides that the Federal Rules of Civil Procedure apply in habeas corpus proceedings only "to the extent that they *are not inconsistent* with any statutory provisions or these rules[.]" (Emphasis added).

discovered evidence in support of a claim previously denied presents a "claim." Id. The Supreme Court further held that a Rule 60(b) motion is a "true" 60(b) motion if it challenges only a procedural ruling of the habeas court that precluded a merits determination of the habeas application, id. at 532 n.4, or challenges a defect in the integrity of the federal habeas proceedings, such as an assertion of fraud, id. at 532.

Thus, when a document designated as a Rule 60(b) motion is filed with the district court in a habeas case, the judge assigned to the case must first determine, using the criteria outlined in Gonzalez, whether the motion is a true Rule 60(b) motion or is actually a second or successive habeas petition. If the judge concludes that the motion is a true Rule 60(b) motion, the motion should be ruled upon in the manner any other Rule 60(b) motion would be. Gonzalez, 545 U.S. at 533-36. See also Pridgen v. Shannon, 380 F.3d 721, 727-28 (3d Cir. 2004). If, however, the judge concludes that the motion is actually an unauthorized second or successive habeas petition, it must be dismissed for lack of subject matter jurisdiction or be transferred to the court of appeals for consideration as an application to file a second or successive petition. Id. at 531-32; Pridgen, 380 F.3d at 725; Robinson, 313 F.3d at 139.

Dandar's filings are never easy to decipher. However, in his pending motion he is certainly advancing "claims" as defined by Gonzalez. Therefore, at least the bulk of the motion should be construed as a second or successive petition and be dismissed for that reason.[6] Dandar also makes unsupportable allegations of fraud, which is something he does in most of his pleadings. None of his allegations warrant relief under Rule 60(b). Therefore, to the extent that he is raising true Rule 60(b) allegations challenging a procedural ruling that this Court made when it disposed of the habeas petition

---

[6] In light of Third Circuit Court of Appeals' recent denials, it would be a waste of time and judicial resources to transfer the instant motion to that court so that it could consider yet another application by Dandar to file a second or successive petition.

that he filed in this case, or is challenging a defect in the integrity of this federal habeas proceedings, that portion of his motion should be dismissed for lack of merit.

### **III.** **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Dandar's pending motion [ECF No. 61] be dismissed. Because jurists of reason would not find debatable the Court's disposition of Dandar's motion – whether construed in whole or in part as a second or successive habeas petition or a true Rule 60(b) motion – a certificate of appealability should be denied. 28 U.S.C. § 2253; Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Dandar is allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated:  August  16, 2016 /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: Barbara Rothstein
U.S. District Court Judge