UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD G. DANDAR, | )<br>) |
| *Petitioner*, | ) Civil Action No. 1:02-cv-00222-BR-SPB<br>) |
| *v.* | ) **MEMORANDUM ORDER**<br>) **ADOPTING REPORT AND** |
| COMMONWEALTH, *et al.*, | ) **RECOMMENDATION**<br>) |
| *Respondents*. | )<br>) |

Before the Court is the Report and Recommendation of Magistrate Judge Susan Paradise Baxter denying Petitioner Ronald G. Dandar's Motion, (Doc. No. 61), and certificate of appealability.[1] After reviewing the Report and Recommendation, Petitioner's Objections, and the record, the Court ADOPTS the Report and Recommendation. The Court's reasoning follows:

In a well-reasoned opinion, Magistrate Judge Baxter concluded that Petitioner's pleading, although styled as a Rule 60(b) Motion, is, in fact, an attempt to file a second or successive habeas petition without having obtained leave from the appellate court to do so. (Doc. No. 62, at 6-7). Out of an abundance of caution, Magistrate Judge Baxter additionally determined that if Petitioner filed a true Rule 60(b) Motion, the claims set forth therein lack merit. (*Id.*). Petitioner's only "objection" to the Report and Recommendation is a request that Magistrate Judge Baxter recuse herself for violating "the United States Constitution, the [Pennsylvania] Constitution, [and the] Rules of Federal Court" when she extended Petitioner's deadline to file objections by an "unconstitutional ten days," rather than twenty-one days. (Doc. No. 70).

Assuming arguendo that Petitioner's objection triggered *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(C) (2012), the Court finds no reason to disturb Magistrate Judge Baxter's

---

[1] The relevant procedural background is set forth in Magistrate Judge Baxter's Report and Recommendation. (Doc. No. 62).

conclusions. Upon reviewing Petitioner's Motion, the Court agrees that Petitioner's Motion constitutes an effort to file a second or successive habeas petition. Because Petitioner Dandar did not obtain leave to file a second or successive habeas petition from the court of appeals as required by 28 U.S.C. § 2244(b)(3)(A), the Court lacks subject matter jurisdiction over the unauthorized petition. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) (per curiam). Although the Court may transfer, rather than dismiss, a habeas petition that has not been authorized by the appellate court, the Court agrees with Magistrate Judge Baxter's assessment that "it would be a waste of time and judicial resources to transfer the instant motion" given Petitioner's numerous applications with the Third Circuit that have all resulted in denial. (Doc. No. 62, at 6 n.6). The Court further finds that even if Petitioner's pleading constituted a Rule 60(b) Motion, the claims set forth therein are meritless. Accordingly, it is **HEREBY ORDERED** that:

1. The Court **ADOPTS** the Report and Recommendation;
2. Petitioner's Motion is **DENIED**;
3. A certificate of appealability is **DENIED**; and
4. This case is **CLOSED**.

**IT IS SO ORDERED.**

Dated: March 8, 2017

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE